UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

KURT J. LOWE,

    Plaintiff,

V.

KENTUCKY COURT OF JUSTICE, et al.,

    Defendants.

Civil Action No. 2: 14-168-KKC

**MEMORANDUM OPINION AND ORDER**

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Kurt J. Lowe is a pretrial detainee confined at the Boone County Jail in Burlington, Kentucky. Proceeding without counsel, Lowe has filed an original and amended civil rights complaint pursuant to 42 U.S.C. § 1983. [R. 1, 24] The Court has granted Lowe's motion to proceed *in forma pauperis* by prior order. [R. 23]

This matter is before the Court to address a number of motions filed by the parties, and to conduct a preliminary review of Lowe's complaint because he has been granted permission to proceed *in forma pauperis* and because he asserts claims against government officials. 28 U.S.C. §§ 1915(e)(2), 1915A. Upon its own motion, a district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). The Court evaluates Lowe's complaint under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the plaintiff's factual allegations as true, and his

1

legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

# I

In his original and amended complaints, Lowe names as defendants the Kentucky Court of Justice; the Kentucky Department of Public Advocacy ("DPA"); the Kentucky State Police ("KSP"); the Boone County Sheriff's Department; the Boone County Jail; Chief Justice of the Kentucky Supreme Court John D. Minton, Jr.; DPA attorneys Edward C. Monahan, Steve Florian, and Rachael Neugent; KSP Captain Anthony Taulbee; Boone County Sheriff Michael Helmig; and Boone County Jailer Edward Prindle. Each of the individual defendants is named in his or her individual and official capacity. [R. 1, pp. 1-2; R. 24, pp. 1-2]

Lowe alleges that for more than a decade, the Boone County Sheriff's Department "has been used to brutalize and retaliate against citizens who exercise protected rights …" Lowe contends that the Boone County Sheriff's Department and certain unnamed staff at the Boone County Jail inflict emotional distress and use isolation cells to "break down" innocent citizens and force them to plead guilty to the charges against them under duress. Lowe further alleges that the Kentucky Court of Justice "has been engaged in a court case fixing scandal, to cover up the brutal tactics," and that DPA attorneys have intentionally rendered ineffective assistance of counsel to perpetuate the scandal. *Id*. at p. 4. These allegations are essentially the same as those made by Lowe in *Lowe v. Boone Co. Sheriff's Dept.*, No. 2:14-92-KKC (E.D. Ky. 2014) ("*Lowe I*"), now being asserted against the state judiciary and public defenders office as additional participants in the conspiracy.

With respect to the Kentucky Court of Justice, Lowe contends that judges employed by it have violated his due process rights by conspiring together to "fix" his criminal case, violated his right to a speedy trial, denied him bail, intimidated and retaliated against him

for reporting "the frauds," and ignored his complaints. Lowe alleges that Kentucky Chief Justice Minton ignored his complaints and supporting evidence of fraud and corruption in the Kentucky courts. [R. 24, p. 5]

With respect to the DPA and its attorneys, Lowe alleges that DPA attorneys Florian and Neugent conspired with court officials to deprive him of unspecified constitutional and statutory rights and retaliated against him, and that DPA Public Advocate Monahan ignored his complaints and evidence of fraud and corruption. [R. 24, pp. 5-6]

Lowe alleges that KSP and KSP Capt. Taulbee "obstructed justice" in the investigation of an assault by Boone County jail staff. With respect to the Boone County Jail, Lowe alleges that jail staff have assaulted him; retaliated against him for filing grievances; conspired with the county court officials to deprive him of his due process rights; concealed, tampered with, and fabricated evidence, and made defamatory statements about him.[1] [R. 24, pp. 6-7]

Lowe's complaint is largely devoid of factual details regarding the acts allegedly taken in furtherance of the conspiracy, the acts of retaliation about which he complains, or the specific rights he contends were violated by each of the identified defendants. Lowe does contend that the defendants violated his constitutional rights generally, and makes unexplained references to the right to be free from unwarranted searches, seizures, and arrest; excessive bail and cruel and unusual punishment; as well as for selective law enforcement, malicious prosecution, and prosecutorial misconduct. Lowe asserts pendent state law claims for defamation, "malice," "reckless & outrageous conduct," intentional infliction of emotional distress and mental anguish, retaliation, intimidation, coercion, undue influence, duress, negligence, failure to train, failure to supervise, excessive force

---

[1] For the sake of clarity, the Court does not recite additional allegations made by Lowe against other persons whom he does not name as defendants in this action. *See* [R. 24, pp. 5-7]

3

and criminal assault. Finally, Lowe asserts a separate claim under the civil provisions of the Racketeer Influenced Corrupt Organizations Act, 18 U.S.C. § 1964 *et seq.* ("RICO"). [R. 24, pp. 7-9]

## II

As an initial matter, the Court will dismiss Lowe's civil RICO claim because Lowe claims only injury to his person, not to his property or business, and fails to allege either a pattern of racketeering activity or that any injury flowed from racketeering activity. *Cf. Santana v. Cook Co. Bd. of Review*, 700 F. Supp. 2d 1023, 1034-35 (N.D. Ill. 2010), *aff'd*, 679 F. 3d 613, 618 (7th Cir. 2012); *Halpin v. Christ*, 405 F. App'x 403, 405-06 (11th Cir. 2010); *Carpenter v. Kloptoski*, No. 1:08-CV-2233, 2010 WL 891825, at \*10 (M.D. Pa. March 10, 2010) ("Personal injuries, loss of earnings, and other indirect injuries do not confer standing under RICO."); *Pagan v. Westchester Co.*, No. 12Civ. 7669(PAE)(JCF), 2014 WL 982876, at \*17-20 (S.D.N.Y. March 12, 2014).

### A

Lowe has sued three state agencies or entities – the Kentucky Court of Justice, the Department of Public Advocacy, and the Kentucky State Police – both directly as named defendants and through his assertion of official capacity claims against Kentucky Supreme Court Justice Minton; DPA attorneys Monahan, Florian, and Neugent; and KSP Capt. Taulbee. Cf. *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) ("While personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law, individuals sued in their official capacities stand in the shoes of the entity they represent.") (internal quotation marks omitted).

Each of these entities constitutes an "arm of the state" for Eleventh Amendment purposes. *Mischler v. Stevens*, No. 7:13-CV-8, 2014 WL 1378805, at \*7 (E.D. Ky. May 14,

2014) (official capacity claims against Justice Minton barred by the Eleventh Amendment); *Westermeyer v. Kentucky Dept. of Public Advocacy*, No. 2: 10-131-DCR, 2011 WL 830342, at *3 (E.D. Ky. Mar. 3, 2011) (Ky. Rev. Stat. 31.010 establishes DPA as state agency for Eleventh Amendment purposes); *McCrystal v. Kentucky State Police*, No. 6: 07-434-DCR, 2008 WL 4975109, at *3 (E.D. Ky. Nov. 20, 2008) (Ky. Rev. Stat. 16.060 establishes KSP as state agency for Eleventh Amendment purposes). These entities are therefore immune from suit from damages claims in federal court. *Hutsell v. Sayre*, 5 F. 3d 996, 999 (6th Cir. 1993). While Lowe has requested injunctive relief generically demanding future compliance with his constitutional rights, his allegations are based solely upon alleged past misconduct, and therefore fall outside the exception found in *Ex Parte Young*, 209 U.S. 123 (1908). *See Bailey v. Montgomery*, 433 F. Supp. 2d 806, 810-11 (E.D. Ky. 2006) (citing *Papasan v. Allain*, 478 U.S. 265, 277-78 (1986)). The claims against these defendants will therefore be dismissed for lack of subject matter jurisdiction.

## B

Lowe has also sued the Boone County Sheriff's Department and the Boone County Jail, as well as Boone County Sheriff Helmig and Boone County Jailer Prindle in their official capacities. The sheriff's department and the county jail are simply operating divisions of Boone County itself, not independent legal entities, and the official capacity claims against Helmig and Prindle are actually claims directly against Boone County as their employer. *Lambert v. Hartman*, 517 F.3d 433, 439-40 (6th Cir. 2008); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) ("Since the Police Department is not an entity which may be sued, Jefferson County is the proper party to address the allegations of Matthews's complaint.").

Under Section 1983, to state a civil rights claim against a county or municipality, the plaintiff must allege that his civil rights were violated pursuant to, and as a direct result of, the county's official policy or custom. *Napier v. Madison Co., Ky.*, 238 F. 3d 739, 743 (6th Cir. 2001) (*citing Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 690-95 (1978)). A municipal policy or custom may be established in a number of ways, including:

> (1) the municipality's legislative enactments or official agency policies; (2) actions taken by officials with final decision-making authority; (3) a policy of inadequate training or supervision; or (4) a custom of tolerance or acquiescence of federal rights violations.

*Mann v. Helmig*, 289 F. App'x 845, 848-49 (6th Cir. 2008) (*quoting Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005)). Lowe alleges nonspecifically that the individual defendants exercised their authority as county officials in a manner inconsistent with his federal rights, but makes no indication that they did so according to or in furtherance of an official policy or custom of Boone County itself. Absent a more particularized and concrete allegation to this effect, Lowe's allegations against Boone County fail to state a claim upon which relief may be granted, and must be dismissed. *Watson v. Gill*, 40 F. App'x 88, 90 (6th Cir. 2002); *Helton v. Dixon*, No. 05-CV-377-KKC, 2006 WL 751239, at *7-9 (E.D. Ky. March 21, 2006).

C

What remains are Lowe's claims against the individually-named defendants in their individual capacities. With respect to Kentucky Supreme Court Chief Justice Minton, Lowe alleges that he ignored his complaints and evidence of corruption and fraud in the Boone County judicial system. [R. 24, p. 5] Lowe makes no allegation that Justice Minton was personally involved in his prosecution in Boone County, and his failure to intervene on Lowe's behalf in the face of alleged civil rights violations states no claim of constitutional

6

dimension. *Cf. Grinter v. Knight*, 532 F. 3d 567, 575-76 (6th Cir. 2008) ("if the allegation is brought against Dunlap and Thomas for actions they committed for failing to intervene, the claim also fails. The denial of administrative grievances or the failure to act by prison officials does not subject supervisors to liability under § 1983.") (internal quotation marks omitted) (*citing Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)); *Siggers v. Campbell*, 652 F, 3d 681, 695 (6th Cir. 2011).

Lowe alleges that DPA Public Advocate Monahan ignored his complaints and evidence of fraud and corruption [R. 24, pp. 5-6], a contention that likewise fails to allege sufficient personal involvement by Monahan in the underlying conduct to state a claim under § 1983. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) ("In a § 1983 suit or a *Bivens* action - where masters do not answer for the torts of their servants - the term 'supervisory liability' is a misnomer."); *Dodds v. Richardson*, 614 F. 3d 1185, 1197-1201 (10th Cir. 2011); *Grinter*, 532 F. 3d at 575-76.

Lowe alleges that public defenders Florian and Neugent have, in his criminal case, conspired to deprive him of unspecified constitutional and statutory rights and retaliated against him. [R. 24, pp. 5-6] However, during the course of representing a client in criminal proceedings a public defender does not act "under color of state law," and hence may not be sued under § 1983. *Polk County v. Dodson*, 454 U.S. 312, 325-26 (1981). Because Lowe's allegations against his defense counsel do not satisfy the state action requirement, his civil rights claims against them fail as a matter of law.

Even if Florian and Neugent could be sued under § 1983, Lowe's allegations against them are too conclusory to state a viable claim for relief. "To state a claim under 42 U.S.C. § 1983, a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Sigley v. City of Parma Heights*, 437 F.3d 527,

533 (6th Cir. 2006). Lowe alleges only that these defendants "conspired" with others, "retaliated" against him, and are "concealing" abuses. [R. 24, pp. 5-6] Apart from reciting these labels, Lowe's complaint offers no factual support for his claims by describing the people, places, or events upon which they are based. Such conclusory allegations warrant dismissal. *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) ("This Court has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right."); *Terry v. Tyson Farms, Inc.*, 604 F.3d 272, 276 (6th Cir. 2010) ("Legal conclusions that are 'masquerading as factual allegations' will not suffice.") (*quoting Tam Travel, Inc. v. Delta Airlines, Inc.*, 583 F.3d 896, 903 (6th Cir. 2009); *Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003) (holding that "conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983.").

Lowe alleges that he was assaulted by staff at the Boone County Jail on May 5, 2014, and again on August 16, 2014. [R. 24, p. 6] Lowe claims that KSP Capt. Taulbee "obstructed justice in the criminal investigation of the assault." *Id*. at p. 7. Lowe's allegations fail to state a constitutional claim against Capt. Taulbee, as Lowe does not allege that Capt. Taulbee directly or indirectly participated in the prior assault. Cf. *Floyd v. City of Detroit*, 518 F.3d 398, 406 (6th Cir. 2008) ("a police officer who fails to act to prevent the use of excessive force may still be held liable where "(1) the officer observed or had reason to know that excessive force would be or was being used, and (2) the officer had both the opportunity and the means to prevent the harm from occurring."); *Shelton v. Ray*, No. 3:10-684, 2011 WL 1100088, at *2 (M.D. Tenn. March 22, 2011); *Lynn v. Melton*, No.

8

2:15-CV-3, 2015 WL 403977, at *2-3 (M.D. Tenn. Jan. 28, 2015). In addition, Lowe's vague allegation that Taulbee "obstructed" the investigation is too conclusory to support a constitutional claim, *Terry*, 604 F.3d at 276, and he can state no constitutional claim arising out of the obstruction of a criminal investigation over which he lacks a property or liberty interest protected by the Due Process Clause. *Cf. Parkhurst v. Tabor*, 569 F. 3d 861, 865-68 (8th Cir. 2009) (quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("a citizen lacks standing to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution" because "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.")).

With respect to Boone County Jailer Prindle, Lowe alleges that unidentified staff at the jail assaulted him and retaliated against him for filing grievances about abuses at the jail. Lowe also claims unidentified jail staff stole and destroyed his legal mail, as well as evidence to be used in his criminal trial, and tampered with physical evidence regarding an assault by Deputy Peace. The only direct reference to Jailer Prindle is Lowe's allegation that he "has failed to keep the Plaintiff safe …" in accordance with Kentucky law. [R. 24, pp. 6-7] As previously indicated, Prindle is not liable under § 1983 for misconduct committed by employees under his supervision merely by virtue of his supervisory capacity, *Ashcroft*, 556 U.S. at 677; *Grinter*, 532 F. 3d at 575-76, and Lowe has not alleged any activity by Prindle which even suggests unconstitutional conduct. Because these allegations fail to state a claim under § 1983 against Prindle, *Lanman*, 529 F.3d at 684, the constitutional claims against this defendant will be dismissed. As for the unidentified jail staff Lowe refers to in his complaint in this action, he may assert claims arising out of the conditions of his confinement in *Lowe I* where the Court has afforded Lowe a final opportunity to do so.

9

With respect to Boone County Sheriff Helmig, Lowe alleges that following his August 19, 2014, assault, deputies in the Boone County Sheriff's Department falsified reports and fabricated evidence in order to have unfounded criminal charges lodged against him, and that the Sheriff's Department made false and defamatory statements about him to the press. [R. 24, p. 7] As with Jailer Prindle, Sheriff Helmig is not vicariously liable under Section 1983 for the alleged misconduct of officers under his supervision, and the constitutional claims against him must be dismissed. *Leathers v. McAdams*, No. 1:10-CV-931, 2010 WL 5677055, at *2-3 (S.D. Ohio Dec. 30, 2010); *Farmer v. Parker*, No. 3:12-CV-489, 2012 WL 4105127, at *2 (M.D. Tenn. Sept. 17, 2012).

### D

The Court has thus concluded that all federal claims must be dismissed against each of these defendants. Having dismissed the claims which provided a basis for federal jurisdiction against them, the Court will decline to exercise supplemental jurisdiction over pendent state law claims against these defendants under 28 U.S.C. § 1367(c)(3). The balance of judicial economy, convenience, fairness, and comity all point toward declining supplemental jurisdiction. *Carnegie–Mellon University v. Cohill*, 484 U.S. 343 (1988); *Musson Theatrical, Inc. v. Federal Exp. Corp.*, 89 F.3d 1244, 1255 (6th Cir. 1996) ("[a]fter a 12(b)(6) dismissal, there is a strong presumption in favor of dismissing supplemental claims.").

Accordingly, **IT IS ORDERED** that:

1. Lowe's civil RICO claims under 18 U.S.C. § 1964(c) are **DISMISSED** against all defendants.

2. Lowe's claims under 42 U.S.C. § 1983 against the Kentucky Court of Justice; the Kentucky Department of Public Advocacy ("DPA"); the Kentucky State Police ("KSP"); the Boone County Sheriff's Department; the Boone County Jail; Chief Justice of the

Kentucky Supreme Court John D. Minton, Jr.; DPA attorneys Edward C. Monahan, Steve Florian, and Rachael Neugent; KSP Captain Anthony Taulbee; Boone County Sheriff Michael Helmig; and Boone County Jailer Edward Prindle, each in his or her individual and official capacities, are **DISMISSED.**

3. Lowe's claims arising under state law against all defendants are **DISMISSED WITHOUT PREJUDICE**.

4. The motions to dismiss the complaint filed by defendants Steve Florian and Racheal Neugent in their individual and official capacities [R. 29, 30, 31] are **DENIED AS MOOT**.

5. The Court will enter an appropriate judgment.

Dated April 2, 2015.



KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY